## Straus's Estate.

*Arthur S. Arnold* and *Raymond M. Remick*, for petitioners.

*Milo G. Miller, Jr.*, of *White, Fletcher & Schroeder*, for Girard Trust Company, guardian of minor children.

GEST, J., December 5, 1931.—This is a petition by the executors of the will of Frederick G. Nixon-Nirdlinger, praying the court, under the Act of June 18, 1923, P. L. 840, styled the Uniform Declaratory Judgments Act, to enter a decree declaratory of the rights of the petitioners, as executors, in the whole or any part of the residuary estate of Emanuel Straus, deceased, now held in trust for his daughters, Laura Straus Hibbs and Alice Straus Bernheimer. The petitioners claim that a one-third interest in these trust estates was vested in Frederick G. Nixon-Nirdlinger, subject to be divested by the birth of issue to said Alice and Laura, and passed to the said petitioners as an asset of the estate. The guardian of his two minor children argues that the interest of Frederick G. Nixon-Nirdlinger was contingent upon his surviving

the said Laura and Alice, or either of them, and since he is deceased this interest would pass to his children if they should survive the said Laura and Alice.

The petition was joined in by the adult children of Frederick G. Nixon-Nirdlinger and by the guardian of his minor children, and was ordered on the argument list, where it was argued before the full court. The learned counsel for the petitioners state in their paper book that "it may be assumed that the court, in granting the decree for argument, has passed on the question of the rights of the parties and the jurisdiction of the court," but this is not the fact. We passed on nothing at all, but merely gave the parties who are represented the opportunity of arguing these very matters.

The facts presented to us are unusual. The testator died in 1897, leaving six children, and, by his will, directed his residuary estate to be divided into that number of shares, and devised the same to his trustees, in trust for each of them for their respective lives, and provided "that upon the death of each of my said children the principal of their several shares shall pass undiminished to the living child·or children and issue of children deceased of my said child so dying (such issue taking the share which their parent would have taken if living) ; but if any of my said children should die without leaving child or children living at the time of their respective deaths, or issue then living of children deceased, then I direct that the share of such my child so dying shall fall into the residue of my estate, to be held by my said executors or trustees upon the same trusts and for the same purposes as I have directed as to the said residue."

Sallie Nirdlinger, a daughter of the testator, died in 1906, leaving a son, the said Frederick G. Nixon-Nirdlinger, to whom her one-sixth share was distributed. Joseph, another child, died in 1907, leaving three children, to whom his one-sixth share was distributed. Charlotte Arnold, another of the children, died in 1924, and her one-sixth share was distributed to her only son, Arthur. Louis, another child, died in 1927, without issue, and his one-sixth share was distributed three-fifths to the issue of the children of the testator then deceased and two-fifths to the trusts for the two surviving children of the testator, Laura Hibbs and Alice Bernheimer. Laura Hibbs is living, a widow, aged sixty-three, and has no issue. Alice Bernheimer is living, married, aged fifty-nine, and has no issue. The trusts of the will continue for these surviving daughters, and the amount of the estate approximates $260,-000, one-half for each trust.

Frederick G. Nixon-Nirdlinger died on March 11, 1931, leaving a will, of which the present petitioners are executors, and four children, Samuel F. E. Nirdlinger, J. Frederick Z. Nirdlinger, both of age, and Fred G. Nixon-Nirdlinger, Jr., and Charlotte Lou Nixon-Nirdlinger, minors, having as guardian of their estates the Girard Trust Company.

The question propounded in the petition is whether the late Frederick G. Nixon-Nirdlinger had a vested one-third interest in each of the estates now held in trust for Laura and Alice for their lives, subject to be divested by the birth of issue to them, which issue should be living at the time of their respective deaths, or whether said one-third interest in the trust estates is contingent upon surviving said Laura and Alice, in which case his children would claim to be entitled if living at the deaths of Laura and Alice without their leaving issue.

Now it is obvious that this question should not ordinarily be determined by a declaratory judgment. When Laura and Alice or either of them die, the account of the trustees will come before this court, and the rights of the remaindermen then ascertained. The Declaratory Judgments Act can only

be invoked where a real controversy exists: Lyman *v.* Lyman, 293 Pa. 490; Sterrett's Estate, 300 Pa. 116; Cryan's Estate, 301 Pa. 386; and the court will not decide future rights in anticipation of the event at which such future rights call for decision: Ladner *v.* Siegel, 294 Pa. 368. What exceptional reasons are there for taking this case out of the general rule? The petition merely alleges that if Frederick G. Nixon-Nirdlinger had a vested interest in these trusts, "the interest held by the said decedent in his lifetime is now vested in your petitioners [his executors] as an asset of his estate subject to the claims of creditors, and taxable both by the Commonwealth of Pennsylvania and the Federal Government;" and "that it is necessary for the proper settlement of the estate of the said Frederick G. Nixon-Nirdlinger that this question be determined forthwith, for the reasons above set forth." The paper book of the learned counsel for petitioners also states what, however, does not appear of record: "From the fact that there is some doubt as to whether or not the estate of Frederick G. Nixon-Nirdlinger is solvent because of large outstanding contingent liabilities, and hence the existence of every possible asset must be ascertained by his executors as promptly as possible, and the further fact that the proper ascertainment of such assets is necessary in the settlement of inheritance taxes with the Commonwealth of Pennsylvania and the United States Government, it is imperative to the interests of that estate that the question involved be determined. Many years may elapse before the present subsisting trusts terminate, and long before that period the right of the executors to appeal from any tax imposed on their interest in this estate, if any, would expire." Doubtless it would be more convenient for the executors to have us construe the will in advance, but this is by no means an adequate reason. The allegation that it is necessary in order that the estate may be properly appraised for taxation affords no sufficient reason for our action. Under the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, the tax on the interest of Frederick G. Nixon-Nirdlinger in the estate of Emanuel Straus, whatever it may be, will not be assessed until such interest vests in possession after the termination of the life estate. If the taxing authorities assess it now, the remedy is by appeal, and the taxing authorities of the Commonwealth and of the Federal Government are not before us asking for any decision of the question *in futuro.* If we allowed a declaratory judgment in this case, we might be asked in other cases to adjudicate the rights of the remaindermen in order that they might borrow of money lenders on their future interests, which it would not be pleasant to contemplate.

The fact that neither Alice or Laura has issue at present, and both are past the natural period of childbearing, being fifty-nine and sixty-three years of age, respectively, does not affect the case, for: "In deciding as to the devolution of estates, the rule is that 'the possibility of bearing children exists, even when a woman has [long] passed the age to which the ability to do so usually continues:' " Sterrett's Estate, 300 Pa. 116, where the court said, at page 123: "As said in List *v.* Rodney, 83 Pa. 483, 492, this possibility of bearing children is a presumption of law which stands albeit the underlying facts seemingly destroy the presumption. On the record now before us, in the eyes of the law, decedent's daughter Laura, despite her impaired mental state and advanced age [78 years], may yet bear children and make a valid will. This being so, the present case is not ripe for a declaratory judgment such as rendered by the court below, and the petition for that character of relief should have been refused."

Aside, moreover, from what has been said, it would appear to us that all parties who might be affected by our judgment are not before us. The provision of the will is that "if any of my said children should die without leav-

ing" children or issue living at the time of their respective deaths, "then I direct that the share of such my child so dying shall fall into the residue of my estate, to be held by my said executors or trustees upon the same trusts and for the same purposes as I have directed as to the said residue." The distribution is, therefore, to be made under the residuary devise, by which the residue is to be held in trust for the six children respectively as above stated. Four of them are now deceased, and three of them left issue, so that it is possible that Arthur, the son of Charlotte Arnold, the three children of Joseph Straus, and the parties interested through Louis Straus, might be interested in the devolution of the remainder interests, beside the issue of Sallie Nirdlinger, and our decree entered on the present petition would not preclude their rights.

For all these reasons, we are of opinion that this is not a proper case for procedure under the Uniform Declaratory Judgments Act. We decline to construe the will of Emanuel Straus, and the petition is dismissed.